IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TANYA WEEKS                                                                                          PLAINTIFF

vs.                                            Civil No. 2:14-cv-02120

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Tanya Weeks ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on May 3, 2011.  (Tr. 13, 160).  In her application, Plaintiff alleges being disabled due to diabetes, neuropathy, asthma, pancreatitis, and depression.  (Tr. 197).  Plaintiff alleges an onset date of January 1, 2011.  (Tr. 13).  This application was denied initially and again upon reconsideration.  (Tr. 46-47).

Thereafter, Plaintiff requested an administrative hearing on her denied application, and this

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

1

hearing request was granted. (Tr. 31-45). On June 18, 2012, the ALJ held an administrative hearing to address Plaintiff's application. *Id.* This hearing was held in Fort Smith, Arkansas. *Id.* Plaintiff was present at this hearing and was represented by counsel, Wayne Young. *Id.* Plaintiff and Vocational Expert ("VE") Deborah Steele testified at this hearing. *Id.*

After this hearing, on August 28, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 10-21). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 3, 2011, her application date. (Tr. 15, Finding 1). The ALJ determined Plaintiff had the following severe impairments: diabetes mellitus, asthma, chronic obstructive pulmonary disease (COPD), and obesity. (Tr. 15-16, Finding 2). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-20, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can climb ramps and stairs frequently and can climb ladders, ropes and scaffolds occasionally. She can balance and stoop frequently and can kneel, crouch and crawl occasionally. She should avoid even moderate exposure to fumes, odors, dust, gases and poorly ventilated areas.

*Id*. The ALJ considered Plaintiff's age and found she was thirty-four (34) years old, which is defined as a "younger individual" under 20 C.F.R. § 416.963(c) (2008). (Tr. 20, Finding 6). The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English.

2

(Tr. 20, Finding 7).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform her PRW. (Tr. 20, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 9). The VE testified at the administrative hearing on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) tanning salon attendant (unskilled, light) with 61,257 such jobs in the United States and 297 such jobs in Arkansas; and (2) domestic laundry worker (unskilled, light) with 371,379 such jobs in the United States and 3,332 such jobs in Arkansas. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 13, 2011 through the date of his decision or through August 28, 2012. (Tr. 21, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On March 20, 2014, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed the present appeal on May 22, 2014. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 28, 2014. ECF No. 6. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

3

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff argues the ALJ's decision is not supported by substantial evidence. ECF No. 10. Plaintiff specifically argues that the ALJ erred in his credibility determination, erred in evaluating her severe impairments, and erred in considering her obesity. *Id.* Upon review, the Court agrees with Plaintiff's first argument that the ALJ erred in evaluating her subjective complaints and will only address this issue on appeal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements from *Polaski*. (Tr. 10-21). Instead, the ALJ discounted Plaintiff's subjective complaints for the sole reason that they are not consistent with her medical records:

> In conclusion, the undersigned has considered the claimant's subjective complaints of pain, nausea, fatigue and depression and gives due deference accordingly. However, the *medical evidence* shows that with all the complaints considered the

6

claimant can still perform at the reduced light level as outlined in the aforementioned residual functional capacity.

(Tr. 20) (emphasis added). Upon review of the ALJ's decision, it appears the ALJ supplied no other valid reasons for discounting Plaintiff's subjective complaints. The ALJ's decision to discount Plaintiff's subjective allegations based upon the medical evidence alone was improper. *See Polaski,* 739 F.2d at 1322 (holding the ALJ cannot discount the claimant's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Thus, this case must be reversed and remanded.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of March 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.